IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| David Oppenheimer,<br><br>      Plaintiff,<br><br>  v.<br><br>Travelsports Inc., Gillson Park Partners, LLC d/b/a Travelsports.com, and Christopher B. Pauly,<br><br>      Defendants. | Case No: 1:26-cv-00919 |

## COMPLAINT AND JURY DEMAND

Plaintiff, DAVID OPPENHEIMER ("Oppenheimer" or "Plaintiff"), by and through his attorneys, ZLATKIN CANN ENTERTAINMENT, for his complaint ("Complaint") against Defendants TRAVELSPORTS INC., GILLSON PARK PARTNERS, LLC d/b/a TRAVELSPORTS.COM, and CHRISTOPHER B. PAULY (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and 17 U.S.C. §§ 501 *et seq.*, for copyright infringement of a work registered with the United States Copyright Office, and under the Digital Millennium Copyright Act ("DMCA") for distributing and/or importing for distribution copies of Plaintiff's work with knowledge that copyright management information ("CMI") has been removed or altered without authority of Plaintiff, in violation of 17 U.S.C. § 1202(b)(3).

## THE PARTIES

2. Oppenheimer is an individual who is actively engaged in the business of creating and licensing photography and who resides in Asheville, North Carolina.

3. Defendant TRAVELSPORTS INC. ("Travelsports") was formed on May 24, 2024, as an Illinois corporation with a principal office to do business in Cook County, Illinois. Upon information and belief, as of the date hereof, Travelsports owns and/or operates the website https://travelsports.com (together with all subpages, "TS Website").

4. Defendant GILLSON PARK PARTNERS, LLC ("Gillson") was formed on April 24, 2019, as an Illinois limited liability company with a principal office to do business in Cook County, Illinois. On August 6, 2019, Gillson registered an assumed name of "Travelsports.com" with the Illinois Secretary of State, renewing such assumed name on February 26, 2020. Gillson was involuntarily dissolved by the Illinois Secretary of State on or around October 11, 2024. Upon information and belief, Gillson is a predecessor-in-interest to Travelsports with respect to the TS Website.

5. Upon information and belief, Defendant CHRISTOPHER B. PAULY ("Pauly") is an individual residing in Cook County, Illinois, and at all relevant times held ownership interests in Travelsports and Gillson, was a manager of Gillson, and was the president of Travelsports.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Plaintiff is informed, believes, and thereon alleges that Defendants have sufficient contacts with this District generally and, in particular, with the events herein alleged, that Defendants are subject to the exercise of jurisdiction of this Court. Specifically, each of the Defendants is domiciled in this District and, upon information and belief, all of the Defendants' actions giving rise to Plaintiff's claims occurred within this District.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## FACTUAL ALLEGATIONS

9. Oppenheimer is a noted and respected professional photographer with many years of experience and considerable reputation.

10. Oppenheimer's photographs have appeared in publications including Rolling Stone, MSNBC, MTV, AOL, and FUSE and have been displayed at the Museum of the City of New York. The subjects of Plaintiff's photography include President Bill Clinton, Bob Dylan, Bruce Springsteen, Carlos Santana, and Paul McCartney, among countless other instantly recognizable persons and places, including Chicago, Illinois, and Boston, Massachusetts.

11. Oppenheimer has, over the years, performed photography services through his own name as well as under the trade name "Performance Impressions." Performance Impressions LLC, which is owned and operated exclusively by Oppenheimer, is a North Carolina limited liability company in good standing.

12. Oppenheimer earns his livelihood from the creation and licensing of his photographs as well as from selling prints of his photographs.

13. Upon information and belief, at all relevant times, Travelsports, Gillson, and/or Pauly owned and operated the TS Website and various other digital properties (together with the TS Website, "Defendants' Digital Properties"), through which Travelsports, Gillson, and/or Pauly promoted their various services as an aggregator of information for the youth and adult sports industry. Upon information and belief, Pauly was the owner and president of Travelsports and an owner and manager of Gillson at all relevant times and authorized the development of the Defendants' Digital Properties.

**Oppenheimer Creates, Registers, and Publishes the Photograph**

14. In 2018, Oppenheimer created an aerial photograph of Harvard Stadium in Allston, Massachusetts ("Photograph") through significant skill and personal expense. Specifically, Plaintiff flew in a helicopter with the rear doors removed and captured the Photograph by physically operating professional camera equipment. This required skill and experience to best capture the aerial perspective.

15. The Photograph is an original work that Oppenheimer registered with the United States Copyright Office as part of a collection of photographs. The Photograph – referenced by its contents title, *Harvard_Stadium_aerial_Boston_7755.jpg* – has its copyright registered with the United States Copyright Office as part of the collection entitled *Travel Aerial and Event Photographs taken in 2018 by David Oppenheimer* under copyright registration number VAu 1-373-056, with an effective date of registration of September 26, 2019. A copy of the copyright registration certificate for the Photograph is attached hereto as Exhibit 1. The Photograph is identified by its contents title on page 3 of the certificate. The deposit copy of the Photograph on deposit with the copyright registration is attached hereto as Exhibit 2.

16. After submitting the Photograph for registration, Plaintiff published the Photograph through various websites where Oppenheimer makes his works, including the Photograph, available for print sales and licensing. Oppenheimer published the Photograph for purposes of facilitating print sales through his online storefront on Fine Art America, which operates the photography prints storefront at both fineartamerica.com and mirrored on pixels.com ("Pixels"). The Photograph is published on Oppenheimer's storefront at the URL https://1-performance-impressions.pixels.com/featured/2-harvard-stadium-aerial-at-harvard-university-david-oppenheimer.html ("Pixels Photograph URL") and similar Pixels-related URLs. Oppenheimer's

pattern and practice is to include CMI on all photographs that he publishes through various trade channels. The Photograph was published on Pixels with a proper copyright notice in adjacent captions which included Oppenheimer's first and last name, and his photography business's trade name and website address. Additional CMI accompanying the Photograph on Pixels included having a visible Fine Art America platform-identifying watermark on the bottom right corner and Oppenheimer's first and last name as part of the filename of the hosted copy. Additionally, Pixels displays the name of the vendor (in this case, Performance Impressions) in the header of the applicable webpage and the name of the photographer immediately adjacent to the featured photograph. Pixels also includes CMI further below on the webpage in the caption for any particular photograph. Pixels also permits vendors to customize filenames of the photographs. Therefore, when Oppenheimer made the Photograph available at the Pixels Photograph URL, the fact that the Photograph was created "by David Oppenheimer" is clearly legible immediately to the right of the Photograph. Additionally, "Performance Impressions" is displayed in large lettering in the header of the Pixels Photograph URL which hyperlinks to the homepage of Oppenheimer's storefront on Pixels where there is an additional notice of copyright in the artist statement. There is another caption visible at the Pixels Photograph URL stating that the "Artist" is "David Oppenheimer" and the description reads "Harvard Stadium aerial at 95 N. Harvard Street at Harvard University in Boston, Massachusetts – Copyright 2019 David Oppenheimer – Performance Impressions aerial photography archives – https://performanceimpressions.com." If someone attempts to save a copy of the Photograph from the Pixels Photograph URL, the default name of the .jpg file is 1-harvard-stadium-aerial-at-harvard-university-david-oppenheimer, making Oppenheimer's name visible. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view the Photograph appreciate that Oppenheimer

owns all rights and title to the Photograph and follow proper protocols in licensing the Photograph. Plaintiff's published version of the Photograph (as published at the Pixels Photograph URL) is attached hereto as Exhibit 3. The layout of the Pixels Photograph URL, inclusive of Oppenheimer's CMI, is attached hereto as Exhibit 4.

17. Plaintiff has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights and has secured the exclusive rights and privileges in and to the copyright of the Photograph.

18. Since the date of creation, Plaintiff has held all the exclusive rights to the Photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to publicly display pursuant to 17 U.S.C. § 106.

19. Plaintiff's copyright in the Photograph is presently valid and subsisting and has been valid and subsisting since the moment of creation and all conditions precedent to the filing of this suit have been satisfied.

**Defendants Use the Photograph Without Authorization**

20. Upon information and belief, in or around July 2022, one or more of the Defendants (or such Defendants' authorized representative(s)) obtained the version of the Photograph published at the Pixels Photograph URL and reproduced, distributed, and/or displayed at least two copies of the Photograph through at least the following URLs (collectively, "Infringing URLs"):

- https://travelsports.com/facilities/harvard-stadium
- https://s3.amazonaws.com/s3.travelsports.com/photos/rinks/2022/7/jHSkFreclGCsV1AOdWbI_1656745992_sm.jpg
- https://s3.amazonaws.com/s3.travelsports.com/photos/rinks/2022/7/jHSkFreclGCsV1AOdWbI_1656745992_lg.jpg

21. The fact that the version of the Photograph used at the Infringing URLs was sourced at the Pixels Photograph URL is made evident by the presence of the "Fine Art America"

watermark on the face of the versions of the Photograph displayed at the Infringing URLs. Screenshots of Defendants' infringing online publications are attached to this Complaint as Exhibit 5.

22. Upon information and belief, Travelsports, Gillson, Pauly, or a third party at the direction of Travelsports, Gillson, and/or Pauly proceeded to publish the Photograph at the Infringing URLs to promote and advertise the services offered by Defendants through Defendants' Digital Properties. While the initial unauthorized uses of the Photograph at the Defendants' Digital Properties began prior to formation of Travelsports (and, presumably, during Gillson's operation of Defendants' Digital Properties), such unauthorized usage at the Defendants' Digital Properties continued after formation of Travelsports and after the involuntary dissolution of Gillson.

**Oppenheimer Provides Notice of Copyright Infringement to Defendants**

23. On or around January 23, 2025, Oppenheimer, through counsel, provided notice to Defendants via email and priority mail regarding Defendants' infringement of Oppenheimer's rights in the Photograph.

24. Pauly responded to the correspondence from Oppenheimer's counsel on February 6, 2025, acknowledging receipt of the correspondence and usage of the Photograph at the TS Website.

25. Oppenheimer's counsel sent follow-up correspondence via email to Pauly in April 2025 setting forth an offer to settle on Oppenheimer's behalf supported by substantial case law and legal authority. Pauly did not respond. Oppenheimer's counsel proceeded to follow up via email in June 2025 and November 2025. No response was received from Pauly or any other representative(s) of Travelsports.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement Under 17 U.S.C. § 501**
**(Against All Defendants)**

26. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–25 of this Complaint.

27. Plaintiff owns the exclusive rights to the copyright-protected Photograph.

28. Upon information and belief, one or more of the Defendants caused the copying, distribution, and/or display of the Photograph at each of the Infringing URLs.

29. Defendants' acts are and were performed without the permission, license, or consent of Plaintiff.

30. Defendants acted with willful disregard of the laws protecting Plaintiff's copyright.

31. Defendants infringed Plaintiff's copyright in the Photograph in violation of 17 U.S.C. § 501.

32. Oppenheimer has been harmed by the infringement in multiple ways. Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable. Defendants have benefited from their infringement of the Photograph. Defendants' unauthorized use undermined the Photograph's exclusivity, diminished the Photograph's licensing value, and caused irreparable injury to Oppenheimer's business, reputation, and professional goodwill – including by disrupting the controlled distribution and attribution essential to his business – thereby resulting in monetary loss and dilution in the marketplace. The harm to reputation and goodwill resulted in irreparable harm for which there is no adequate remedy at law. Accordingly, Oppenheimer is entitled to injunctive relief, damages, and other relief authorized under the Copyright Act.

33. Plaintiff is informed, believes, and thereon alleges that the Defendants have obtained profits recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting from the Defendants of all monies generated from the Photograph.

34. In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for willful infringement by Defendants of Plaintiff's rights in the Photograph in an amount of $150,000 under 17 U.S.C. § 504(c)(2). In the event that the trier of fact does not find that Defendants willfully infringed Plaintiff's copyright in the Photograph, Plaintiff is entitled to seek maximum statutory damages in an amount of $30,000 under 17 U.S.C. § 504(c)(1).

35. Plaintiff is entitled to seek recovery of Plaintiff's attorneys' fees and costs of suit from the Defendants, pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**Vicarious Copyright Infringement**
**(In the Alternative Against Pauly)**

36. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–35 of this Complaint.

37. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time Gillson and/or Travelsports performed the infringing acts, Pauly was the founder, owner, member, manager, shareholder, president, and/or other type of principal of Gillson and Travelsports and had caused the development of Defendants' Digital Properties.

38. Upon information and belief, Pauly controlled nearly all decisions relating to Gillson and/or Travelsports and Defendants' Digital Properties and was the dominant influence of Gillson, Travelsports, and Defendants' Digital Properties. Pauly provided hands-on decision making with respect to the activities of Gillson, Travelsports, and Defendants' Digital Properties, making most of the decisions relating to Gillson, Travelsports, and Defendants' Digital Properties. Pauly had the right and ability to supervise and/or control the infringing conduct of Gillson and/or

Travelsports, and/or to stop the infringements once they began. Upon information and belief, Pauly had an obvious and direct financial interest in these infringing activities of Gillson, Travelsports, and Defendants' Digital Properties, because Gillson's and/or Travelsports's use of the Photograph on the Infringing URLs/Defendants' Digital Properties advertised and promoted the services of Gillson and/or Travelsports, encouraging website viewers to purchase and use the services offered by Gillson and/or Travelsports and/or the services of affiliates and/or customers of Gillson and/or Travelsports. Infringement of the Photograph allowed Defendants to promote and sell more effectively Gillson's, Travelsports's, and/or Travelsports's affiliates' and/or customers' services by drawing, capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image, and reputation of Gillson, Travelsports, and Defendants' Digital Properties. Also, the Photograph's indexing in search engines became direct marketing hyperlinks to the Defendants' Digital Properties. Accordingly, Pauly is personally liable to Oppenheimer as a joint infringer or is otherwise vicariously liable for the actions of Gillson and/or Travelsports.

<b><u>THIRD CLAIM FOR RELIEF</u></b><br><b><u>Contributory Copyright Infringement</u></b><br><b><u>(In the Alternative Against Pauly)</u></b>

39. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–35 of this Complaint.

40. Alternatively, Pauly has intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements.

41. Upon information and belief, Pauly at all relevant times was the dominant influence in Gillson, Travelsports, and Defendants' Digital Properties. Pauly provided hands-on decision making with respect to the activities of Gillson, Travelsports, and Defendants' Digital Properties,

set and controlled the policies and protocols of Gillson, Travelsports, and Defendants' Digital Properties, and established corporate rules and cultures which encouraged the infringing activities. Pauly therefore had the right and ability to supervise and/or control the infringing conduct of Gillson and/or Travelsports – and of Gillson's and/or Travelsports's employees, agents, and/or servants – and/or to stop the infringements once they began, but either directly refused to exercise such rights or chose to remain willfully blind to the infringing activities while creating a work environment that encouraged and enabled the same. Additionally, and upon information and belief, Pauly had an obvious and direct financial interest in the infringing activities of the companies Pauly operated.

42. Accordingly, Pauly is personally liable to Oppenheimer as a contributory infringer for the infringing activities of Gillson and/or Travelsports.

**FOURTH CLAIM FOR RELIEF**
**Violations of the DMCA Under Section 1202(b)**
**(Against All Defendants)**

43. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–25 of this Complaint.

44. The Photograph was published on Pixels with CMI conveyed in connection with the Photograph, including: (i) adjacent captions and other identifying text stating Oppenheimer's first and last name and copyright notice; (ii) Oppenheimer's business name and website address; (iii) the display of "by David Oppenheimer" immediately adjacent to the Photograph; and (iv) Plaintiff's first and last name included as part of the default filename of the hosted copy available from the Pixels Photograph URL. In Defendants' unauthorized publications, Defendants distributed and/or imported for distribution copies of the Photograph while omitting the accompanying caption and other adjacent CMI and while publishing hosted infringing copies under filenames from which Plaintiff's first and last name had been removed.

45. Upon information and belief, Defendants (or third parties acting at Defendants' direction) distributed and/or imported for distribution copies of the Photograph while omitting and/or altering Plaintiff's CMI as described above, including by omitting the accompanying caption and other adjacent CMI and by removing Plaintiff's name from the filenames of the hosted infringing copies.

46. Such actions further demonstrate Defendants' willful infringement of the Photograph.

47. The aforesaid actions, including without limitation each copy of the Photograph reproduced, distributed, and/or publicly displayed at each of the Infringing URLs, constitute violations of 17 U.S.C. § 1202(b)(3). Each distribution and/or import for distribution of a copy of the Photograph at the Infringing URLs while Plaintiff's CMI was omitted and/or altered – including each hosted image file copy (sm and lg) – constitutes a separate violation of 17 U.S.C. § 1202(b)(3).

48. Upon information and belief, Defendants knew or had reasonable grounds to know that their omission and/or alteration of Plaintiff's CMI would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's Photograph.

49. Upon information and belief, Defendants intentionally removed and/or altered Plaintiff's CMI, including by omitting the accompanying caption and other adjacent CMI and by removing Plaintiff's name from the filenames of the hosted infringing copies, knowing that such removal and/or alteration would induce, enable, conceal, and/or facilitate unauthorized reproduction, distribution, and/or public display of the Photograph.

50. As a result of Defendants' actions with regard to the Plaintiff's CMI, Plaintiff has been and will continue to be harmed in an amount as yet to be determined.

51. As a result of each of the Defendants' actions with regard to the Plaintiff's CMI, Plaintiff is entitled to damages pursuant to 17 U.S.C. § 1203(b)(3) in the form of either actual damages in accordance with 17 U.S.C. § 1203(c)(2) or, upon Plaintiff's election, an award of statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), costs pursuant to 17 U.S.C. § 1203(b)(4), reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5), a temporary and permanent injunction pursuant to 17 U.S.C. § 1203(b)(1), and the impounding, modification, or destruction of any items involved in the violation pursuant to 17 U.S.C. §§ 1203(b)(2) and 1203(b)(6).

52. Plaintiff is entitled to a separate award of damages for each violation of 17 U.S.C. § 1202.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendants as follows.

a. Pursuant to 17 U.S.C. § 502, that Defendants and Defendants' agents, servants, employees, representatives, successors, and assigns, and all persons, firms, corporations, or other entities in active concert or participation with Defendants, be permanently enjoined from directly or indirectly infringing the Plaintiff's copyrights in any manner, including generally, without limitation, reproducing, distributing, displaying, or making derivative works of the Photograph;

b. That Defendants be required to perform a complete and full accounting of all profits generated by Defendants from the Photograph;

c. Pursuant to 17 U.S.C. § 504, that Defendants be required to pay actual damages and disgorgement of all profits derived by Defendants from the Defendants' acts of copyright infringement; in the alternative, upon Plaintiff's election, pursuant to 17 U.S.C. § 504, that

Defendants be required to pay statutory damages up to $150,000 for each work infringed as a result of Defendants' acts of copyright infringement, and, in the event that the factfinder determines that either of the Defendants' infringements was not willful, that Defendants be required to pay statutory damages up to $30,000 for each work infringed by the Defendants found to be not willful;

  d. Pursuant to 17 U.S.C. § 1203(c)(2), that Defendants be required to pay actual damages and disgorgement of all profits derived by Defendants from any and all of the Defendants' violations of Plaintiff's rights under the DMCA; in the alternative, upon Plaintiff's election, pursuant to 17 U.S.C. § 1203(c)(3)(B), that Plaintiff be awarded the maximum statutory damages of $25,000 for each individual violation of the DMCA;

  e. Pursuant to 17 U.S.C. §§ 505 and 1203(b)(4)-(5), Defendants be required to pay Plaintiff the costs of this action, prejudgment interest, and reasonable attorneys' fees; and

  f. Such other and further relief as the Court shall find just and proper.

Dated: January 27, 2026

               Respectfully submitted,

               **ZLATKIN CANN ENTERTAINMENT**

               By: /s/ *Ilya G. Zlatkin*
               Ilya G. Zlatkin (ARDC No. 6314344)
               ZLATKIN CANN ENTERTAINMENT
               4245 North Knox Avenue
               Chicago, Illinois 60641
               Tel: (312) 809-8022
               Fax: (312) 809-6918
               ilya@zce.law

               *Attorneys for Plaintiff David Oppenheimer*