**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| David Oppenheimer, | |
| Plaintiff, | Case No: 1:26-cv-00919 |
| v. | Dist. Judge: Hon. LaShonda A. Hunt |
| Travelsports Inc., Gillson Park Partners, LLC, and Christopher B. Pauly, | Mag. Judge: Hon. Beth W. Jantz |
| Defendants. | |

## INITIAL JOINT STATUS REPORT

Pursuant to the Court's minute entry dated March 31, 2026 [Dkt. 10], Plaintiff David Oppenheimer ("Oppenheimer" or "Plaintiff") and Defendants Travelsports Inc. ("Travelsports"), Gillson Park Partners, LLC ("Gillson"), and Christopher B. Pauly ("Pauly" and, together with Travelsports and Gillson, collectively, "Defendants"), submit this Initial Joint Status Report:

1. **The Nature of the Case**

   a. The attorney of record for Oppenheimer is Ilya G. Zlatkin of Zlatkin Cann Entertainment.

   b. The attorney of record for Defendants is Kevin Keener of Keener and Associates, P.C.

   c. Plaintiff and Defendants will determine their respective lead trial attorney(s) at a later date.

   d. This case involves use of a photograph of an aerial view of Harvard Stadium in Allston, Massachusetts ("Photograph") without authorization from Plaintiff. Plaintiff claims that Defendants infringed upon Plaintiff's copyrights, including by causing the display of the Photograph for the

purpose of promoting Defendants' services (collectively, "Infringing URLs"). In the alternative against Pauly, Plaintiff alleges that Pauly vicariously and/or contributorily infringed upon Plaintiff's copyrights. Plaintiff also alleges that Defendants violated Section 1202 of the Digital Millennium Copyright Act ("DMCA") by knowingly removing or altering Plaintiff's copyright management information ("CMI") and subsequently distributing copies of the Photograph without Plaintiff's CMI.

e.  Defendants deny that they are liable to Plaintiff on any of these grounds. Specifically, Defendants assert that Plaintiff's claims are barred by the applicable statute of limitations and that Defendants' actions are protected under the doctrine of fair use pursuant to 17 U.S.C. § 107.

f.  Plaintiff seeks actual and statutory damages for the copyright infringement, including for willful infringement, under 17 U.S.C. § 504. Pursuant to 17 U.S.C. § 1203(c), Plaintiff also seeks actual and statutory damages for each violation of Section 1202 of the DMCA. Plaintiff also seeks an award of litigation costs and reasonable attorneys' fees under 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(5).

## 2. Jurisdiction

a.  The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

b.  The federal statute on which federal question jurisdiction is based is the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*, which also includes portions of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq.*

2

3. **Status of Service**

   a. On February 25, 2026, Plaintiff's counsel mailed requests for waivers of service to Defendants in accordance with Fed. R. Civ. P. 4(d).

   b. Defendants' counsel provided executed waivers of service on behalf of all Defendants on March 30, 2026, which Plaintiff's counsel proceeded to file on the record. [Dkt. 7; Dkt. 8; Dkt. 9].

   c. Pursuant to Fed. R. Civ. P. 4(d), as of the date of this report, Defendants' deadline for filing an answer or otherwise pleading was April 27, 2026. Defendants complied with such deadline and filed an answer. [Dkt. 11].

4. **Consent to Proceed Before a United States Magistrate Judge:**

   a. Plaintiff's counsel has advised Plaintiff that the parties may proceed before a Magistrate Judge if the parties consent unanimously to such proceedings.

   b. As of the date of this report, there is not unanimous consent to proceed before the Magistrate Judge.

5. **Motions:**

   a. Currently, there are no pending motions.

   b. Defendants have already responded to the complaint by filing an Answer. [Dkt. 11].

6. **Case Plan**

   a. The parties conducted their initial Rule 26(f) conference via phone call among the parties' counsel on April 27, 2026. The parties anticipate that this case will entail some written discovery as well as a handful of depositions. The parties note that the scheduling of any potential Court-

administered settlement conference may require adjustments to the following proposed discovery schedule:

| Event | Deadline |
|---|---|
| Service of Initial Rule 26 disclosures | May 11, 2026 |
| Joining Parties | June 26, 2026 |
| Amending Pleadings | August 28, 2026 |
| Completion of Written Discovery | October 30, 2026 |
| Completion of Oral Fact Discovery | January 29, 2027 |
| Completion of Expert Report(s) | April 2, 2027 |
| Motions Relating to Discovery | April 30, 2027 |
| Dispositive Motions | June 4, 2027 |

b. The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that, once scheduled, the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

c. Plaintiff has included a jury demand as part of Plaintiff's complaint. The parties anticipate that a trial would take around three days.

7. **Status of Settlement Discussions:**

a. Plaintiff attempted to engage in settlement discussions prior to the initiation of this litigation.

b. Since the filing of this litigation, Defendants provided a settlement offer in response to an updated demand from Plaintiff, but the parties still remain far apart in their settlement positions.

4

      c.   The parties remain open to the possibility of settlement. The parties will inform the court if they believe a settlement conference would be productive.

Dated: May 1, 2026

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| OPPENHEIMER | DEFENDANTS |
| By: /s/ *Ilya G. Zlatkin* | By: /s/ *Kevin Keener* |
| Ilya G. Zlatkin | Kevin Keener |
| ZLATKIN CANN ENTERTAINMENT | KEENER AND ASSOCIATES, P.C. |
| 4245 North Knox Avenue | 33 North Dearborn Street, Suite 1000 |
| Chicago, Illinois 60641 | Chicago, Illinois 60602 |
| Tel: (312) 809-8022 | Tel: (312) 945-8607 |
| ilya@zce.law | kevin.keener@keenerlegal.com |
| *Attorney for Plaintiff David Oppenheimer* | *Attorney for Defendants Travelsports Inc., Gillson Park Partners, LLC, and Christopher B. Pauly* |